# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHERRON M. CHATMAN <br> 104 Titan Place <br> Martinsburg, WV 25401 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE <br> 1000 Defense Pentagon, <br> Washington, DC 20301-1000 <br><br> Defendant. | No. _____ |

## COMPLAINT FOR JUDICIAL REVIEW AND DECLARATORY RELIEF

1. This is an action for declaratory relief concerning the eligibility of the plaintiff, Sherron M. Chatman ("Plaintiff"), for consideration by the United States Department of Defense ("DoD") Physical Disability Board of Review ("PDBR"). Specifically, this action challenges the DoD's determination that servicemembers are ineligible for PDBR review if a Physical Evaluation Board ("PEB") deems their sole medically unfitting conditions existed prior to service ("EPTS"). The DoD's determination is contrary to Congress's stated intent in adopting 10 U.S.C. § 1554a. Plaintiff meets all of the requirements for eligibility under 10 U.S.C. § 1554a, and on February 17, 2015 requested the PDBR conduct a review consistent with prior PDBR decisions.

2. On September 10, 2004, Plaintiff was medically separated with an honorable discharge from the United States Army due to post-traumatic stress disorder ("PTSD"). Plaintiff's PTSD first manifested after multiple sexual assaults by higher ranking Non-Commissioned Officers during her Army service. Plaintiff satisfies all of the eligibility criteria for review by the PDBR as required by 10 U.S.C. § 1554a(b) because Plaintiff was (i) separated between September 11, 2001, and December 31, 2009, (ii) for unfitness for duty due to a medical condition with a disability rating less than 20% (in this case, EPTS) and (iii) was not found eligible for military retirement.

3. The DoD's determination that Plaintiff is not eligible for review under 10 U.S.C. § 1554a is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The PDBR conducts similar reviews for former servicemembers who request review of conditions determined to be EPTS – there is no justification to deny such review here.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is based on a federal question and is proper under 28 U.S.C. §§ 1331, 2201 and 2202. Plaintiff seeks relief under the Administrative Procedures Act (APA), 5 U.S.C. § 701 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Venue is conferred on this Court under 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff Sherron M. Chatman was a Sergeant in the United States Army. Plaintiff enlisted in the Army on active duty in January 1981. She served honorably on active duty in the U.S. Army from January 30, 1981, through January 29, 1984. Following her first period of active duty service, Plaintiff was transferred back to the Army Individual Ready Reserve in which she served from January 1984, through April 1992. Plaintiff was honorably discharged from the Army in 1992. Plaintiff resumed her career in the Army National Guard in

December 2002.  From February 10, 2003, through September 10, 2004, Plaintiff was deployed to active duty, until she was separated (with an honorable discharge) due to her medically unfitting condition.  Plaintiff is a citizen of the United States and currently resides at 104 Titan Place, Martinsburg, West Virginia 25401.

6. Defendant, the United States Department of Defense, 1400 Defense Pentagon, Washington D.C. 20301-1400, is a Department of the Executive Branch of the United States Government.  The DoD is responsible for the Physical Disability Board of Review and Department of Defense Instruction (DoDI) 6040.44, July 2, 2015, governs the operation of the PDBR.  The DoD is also an agency of the United States as defined by the APA, 5 U.S.C. § 701(b)(1), and falls within the scope of 28 U.S.C. § 1391.

## SUBSTANTIVE ALLEGATIONS

7. On January 31, 1981, Plaintiff began her service in the Unites States Army at the age of 17.  Plaintiff served honorably from January 31, 1981, until January 30, 1984.

8. During her first six months of service, Plaintiff was sexually assaulted twice.  The United States Department of Veterans Affairs ("VA") confirmed that the assaults occurred, concluding that the preponderance of the evidence -- including medical records, a letter from Plaintiff's sister, and prior testimony before the VA's Board of Veterans Appeals – corroborated Plaintiff's allegations.  The VA also found that the assaults caused Plaintiff's PTSD and her PTSD was caused or aggravated by her military service.

9. Plaintiff suffered from PTSD and depression in the aftermath of these attacks.  After her initial term of active-duty service ended in 1984, Plaintiff chose to remain in the Army Reserve, but struggled to hold any steady employment.  In 1999, Plaintiff entered a drug and alcohol rehabilitation program at a Veterans Administration facility in Martinsburg, WV.  In 2000, Plaintiff entered the National Women's Trauma Recovery Program in Palo Alto,

CA and received in-patient counseling for PTSD.  Beginning in June 2002, Plaintiff began to receive treatment for PTSD at the VA facility in Bay Pines, Florida for trauma victims and has continued to receive treatment for PTSD through the VA since that time.

10. Plaintiff re-enlisted in the Army National Guard in 2002 and was called up for active duty and deployment to Iraq in 2003.  As her unit was preparing for the deployment, Plaintiff was deemed non-deployable due to her mental health condition and her commander recommended her for a Medical Evaluation Board ("MEB").  Following the MEB review, which concluded that Plaintiff suffered from PTSD, a Physical Evaluation Board ("PEB") concluded that Plaintiff's condition was EPTS and recommended that she be separated from the Army without any disability retirement benefits.

11. After being discharged, and before filing her application before the PDBR, Plaintiff separately sought benefits from the VA.  Despite the PEB's prior and contrary conclusion, the VA, following its own independent review, ruled that Plaintiff's PTSD was directly related to Plaintiff's Army service.

12. The VA initially denied a claim for benefits related to PTSD and depression based on the same logic as the PEB; that there was no connection between the PTSD and Plaintiff's service.  Following an appeal by Plaintiff to the Board of Veterans Appeals and Plaintiff's request for a Congressional Inquiry through Senator Robert Byrd, the VA reconsidered Plaintiff's case.  In 2008, the VA confirmed the link between Plaintiff's PTSD and depression and the sexual assaults she suffered in 1981 during her active-duty service in the Army.  The VA granted service connection for Plaintiff's PTSD and depression and assigned a disability rating of 70% to this disability.  The effective date for the VA's award of benefits was August 16, 1999, the date that Plaintiff filed her initial claim for benefits with the VA.

13. Plaintiff then sought to have the DoD review the PEB's recommendation and rectify its EPTS determination. On February 18, 2015, Plaintiff submitted an application to the PDBR. Just one day later, on February 19, 2015, Ray S. Diaz, Chief of the PDBR Intake Analysis, Intake Operations Unit, sent Plaintiff a letter concluding that she was not "deemed a covered individual." *See* Exhibit A. The reason stated by the PDBR for this determination was "***Narrative Reason for Separation: Disability, EPTS***". *Id.*

14. Since there exists no mechanism within the DoD to review a determination by the PDBR, on March 13, 2015, Latham & Watkins LLP wrote to the President of the PDBR, James A. Davis, on behalf of Plaintiff requesting that he reconsider this decision, setting forth the same legal and factual points in this Complaint. *See* Exhibit B. On April 7, 2015, Mr. Davis responded, repeating the same position as Mr. Diaz's February 18th letter: Plaintiff was not eligible for PDBR review because she was not deemed to be a "covered individual" as "her condition was determined to have existed prior to service and she was separated without entitlement to severance pay under the provision of Army Regulation 635-40, paragraph 4-24b(4)." *See* Exhibit C.

15. This decision is contrary to the legislative history and intent of the PDBR. The PDBR was established by the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, 122 Stat. 465. The Legislative History for that bill reflects Congress's intent to equate EPTS determinations with a zero percent term disability rating. For example, Senator Carl Levin stated, "This [Senate Bill 1606] should avoid the situation where the military assigns ***a disability rating of zero percent on the basis that a disability existed prior to service*** and the VA later awards a higher disability rating and disability compensation." 153 Cong. Rec. S7643 (2007) (statement of Sen. Carl Levin). Congress intended an EPTS determination to be included in the category of disability ratings a servicemember might receive from a PEB, and an

EPTS determination would therefore be included in the statement "a disability rating of 20 percent or less." This statement from Senator Levin cannot be reconciled with an interpretation of the phrase "a disability rating of 20 percent or less" that excludes EPTS conditions.

16. The PDBR has conducted exactly this review in the past, and in fact in one case it concluded that "the Board's main charge regarding this condition is evaluation of the PEB's EPTS determination." The Board's 2012 decision on this point continues: "The Board's authority for recommending a change in the service's EPTS determination is not specified in DoDI 6040.44, but is considered adjunct to its DoD-specified obligation to review fitness adjudications." *See* Exhibit D (Record of Proceedings, Physical Disability Board of Review, Case No. PD1200633 (December 20, 2012)).

## COUNT 1
## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT
### (Decision in Violation of 10 U.S.C. § 1554a)

17. Plaintiff Sherron M. Chatman hereby incorporates by reference the allegations in paragraphs 1-16 above, as if fully set forth herein.

18. The letter dated February 19, 2015 from Ray S. Diaz of the DoD denied Plaintiff the right to choose and exercise her administrative remedy, and thus constitutes a final agency action within the meaning of 5 U.S.C. § 704.

19. The DoD provides no administrative venue to review this decision. Despite this lack of administrative remedy, Plaintiff attempted to resolve this disagreement outside of court. Plaintiff appealed to the President of the PDBR in an attempt to have the DoD review this decision. Thus, Plaintiff has made every attempt in good faith to resolve this conflict within the agency itself and has exhausted all possible administrative remedies.

20. Based on the above allegations, the PDBR's decision that Plaintiff is not eligible for consideration for review by the PDBR was arbitrary, capricious, an abuse of

discretion or otherwise not in accordance with law. This decision is contrary to the legislative intent and history of 10 U.S.C. § 1554a described above. In addition, this decision is contrary to the general practice and procedures of the PDBR in that it considers a review of the PEB's EPTS determination as part of its mandate to review overall fitness determinations made by the service branches.

21. This Court has authority pursuant to 28 U.S.C. § 2201-2202 to declare the rights of Plaintiff with respect to the eligibility criteria for "covered individuals". Specifically, this court can declare that a servicemember separated from the military for a condition that existed prior to service falls within the criteria in 10 U.S.C. § 1554a(b)(1) that a "covered individual" must be separated with a "disability rating of 20 percent or less."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sherron M. Chatman, respectfully requests the Court to:

(A) Declare that Plaintiff is a "covered individual" within the meaning of 10 U.S.C. § 1554a, and is therefore eligible for consideration by the PDBR;

(B) Award Plaintiff her costs and reasonable attorneys' fees; and

(C) Order such other and further relief as may be deemed just and proper by the Court.

Dated: May 11, 2016                           Respectfully submitted,

/s/ Daniel Meron
LATHAM & WATKINS
  Daniel Meron (Bar No. 450419)
  Shira N. Epstien
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200
(202) 637-2201 (telecopy)

James K. Lynch
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
(415) 395-8095 (telecopy)


Kristin N. Murphy
Jonathan R. Stone
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235
(714) 755-8290 (telecopy)

David M. Sonenshine (Bar No. 72527)
Barton F. Stichman    (Bar No. 218834)
National Veterans Legal Services Program
1600 K Street, NW, Suite 500
Washington, D.C. 20006
(202) 621-5681
(202) 265-8305

*Pro Bono Counsel for Sherron M Chatman*