UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERRON M. CHATMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 16-892 (RJL) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF DEFENSE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
(September 13, 2017) [Dkts. ## 16, 20]

Former U.S. Army Sergeant Sherron M. Chatman ("plaintiff" or "Chatman") brings this action against the Department of Defense ("defendant" or "Department"). In her complaint, plaintiff asks this Court to set aside the Department's determination that she is not a "covered individual" entitled to a hearing before the Department's Physical Disability Board of Review ("PDBR"). 10 U.S.C. § 1554a; *see generally* Compl. [Dkt. # 1].

Currently before the Court are the Department's Motion to Dismiss the Complaint [Dkt. # 16] and plaintiff's Cross-Motion for Judgment on the Pleadings [Dkt. # 20]. For the reasons stated below, I conclude that plaintiff is not eligible for PDBR review of her disability determination because she does not meet the statutory definition of "covered individual." The Department therefore did not violate the Administrative Procedure Act ("APA") when it denied plaintiff's request for PDBR review. Accordingly, the Department's motion is GRANTED, plaintiff's cross-motion is DENIED, and plaintiff's complaint is dismissed.

## BACKGROUND

By statute, Congress has established guidelines for the retirement and separation of members of the military due to disability. *See, e.g.*, 10 U.S.C. §§ 1201-1222, 1552-1559. Those statutes, implemented by various regulations and Department of Defense instructions, set forth the policies and procedures that the armed service branches must follow when determining whether a member of the military is medically fit to perform his or her duties and, if not, whether and how to assign a disability rating or provide compensation for the medically unfitting condition. *See* Def.'s App. at A6-A13 [Dkt. # 16-1] (Dep't of Defense Instruction 1332.18); *id.* at A87-A193 (Army Regulation 635-40); *id.* at A223-A236 (Dep't of Defense Instruction 6040.44). Generally, disabilities caused or aggravated by a member's service in the military may be compensable, while disabilities that existed prior to service and were not permanently aggravated by service are non-compensable. *See* 10 U.S.C. §§ 1201(a)-(b), 1203(a)-(b); Def.'s App. at A2, A42.

To simplify for present purposes, if a soldier in the Army has a medical condition that negatively affects his or her fitness for duty, the soldier is ultimately referred for evaluation by a Physical Evaluation Board (PEB). Def.'s App at A29; *see* 10 U.S.C. § 1222. A PEB is a fact-finding board responsible for evaluating the nature, cause, degree of severity, and likely permanency of a soldier's disability. Def.'s App. at A107. A soldier may elect to have a formal hearing before the PEB, at which the soldier is entitled to the representation of legal counsel and may present evidence and testimony. *Id.* at A29-A31; *see also* 10 U.S.C. § 1214.

Following a formal hearing, the PEB renders its conclusions regarding the soldier's disability, including whether the soldier should be retired or separated due to physical disability and, similarly, whether the soldier is eligible for any separation pay or disability benefits. Def.'s App. at A107; *see also id.* at A2-A5. If a soldier is determined to have an unfitting and compensable disability, the soldier receives a "disability rating" ranging from 0 to 100 percent in 10 percent increments. *See id.* at A46-A47, A103, A146-A147. If, by contrast, a soldier is determined to be unfit due to a disability that "existed prior to service and was not permanently aggravated by service," the soldier is not eligible to receive a disability rating and the soldier is not entitled to physical disability compensation from the Army. *Id.* at A56; *see also* 10 U.S.C. §§ 1201(a)-(b), 1203(a)-(b); Def.'s App. at A2-A5.

If an individual is separated from the military without pay due to disability as a result of the PEB's determination, he or she may appeal to the Physical Disability Review Board operated by the relevant service branch – in plaintiff's case, the Army Physical Disability Review Board. *See* 10 U.S.C. § 1554; Compl. Ex. C ("Apr. 2015 PDBR Letter") [Dkt. # 1-3]. That Board has the "same powers" as the PEB, and may choose to reverse the PEB's disability determination. Apr. 2015 PDBR Letter. Each service branch also operates a Board for Correction of Military Records. An individual may apply to that board to have his or her records reviewed. *See* 10 U.S.C. § 1552; Compl. Ex. A ("Feb. 2015 PDBR Letter") [Dkt. # 1-1]. The Board is empowered to correct errors or injustices, including those related to disability determinations. *Id.*

This case concerns the jurisdiction of yet another review board – the Department's Physical Disability Board of Review ("PDBR"). Created as part of the National Defense

Authorization Act for Fiscal Year 2008, the PDBR has statutory authority to review certain disability determinations rendered by PEBs from any branch of service. *See* 10 U.S.C. § 1554a. Specifically, the PDBR is authorized to review the disability determinations for "covered individuals," defined as those individuals who, among other things, "are separated from the armed forces due to unfitness for duty due to a medical condition with a disability rating of 20 percent disabled or less." *Id.* § 1554a(b)(1).

Plaintiff is a former Army Sergeant who was medically separated with an honorable discharge from the Army in 2004. Compl. ¶¶ 2, 5, 10. The discharge followed a formal PEB proceeding, at which plaintiff was represented by counsel. Def.'s App. at A4. Based on the hearing and its review of the record, the PEB concluded that plaintiff had a mental health condition that rendered her "unfit" for service. *Id.* at A2. Most importantly for purposes of this case, the PEB further determined that there was "sufficient evidence to substantiate an EPTS (existed prior to service) condition" that "has not been permanently aggravated by service but is the result of natural progression." *Id.* Because the PEB concluded that plaintiff's mental condition existed prior to service and was not service aggravated, the PEB held the condition to be "not compensable under the Army Physical Disability System" and found that the "proper disposition" of plaintiff's case was "separation from the Army without entitlement to disability benefits." *Id.*

Following her discharge, plaintiff separately sought, and was eventually granted, disability benefits for post-traumatic stress disorder ("PTSD") and depression from the Department of Veterans Affairs ("VA"), which administers a separate system of disability benefits than that administered by the Army. Compl. ¶¶ 11-12; Def.'s App. at A168. The

VA determined that plaintiff suffered from PTSD and depression and that her conditions were related to sexual assaults plaintiff had suffered during her prior active-duty service in the Army in 1981. Compl. ¶¶ 11-12. The VA assigned plaintiff a disability rating of 70 percent. *Id.*

In light of the VA's determination, plaintiff applied to the PDBR on February 18, 2015 for review of the Army PEB's determination that plaintiff's unfitting medical condition existed prior to service. *See id.* ¶ 13. It is this request by plaintiff – her request to the PDBR to review and rectify the Army PEB's existed-prior-to-service determination – that triggered the chain of events that form the basis of her complaint.

The day after plaintiff submitted her request for PDBR review, plaintiff received a letter informing her that her request for review had been denied. *Id.*; *see* Feb. 2015 PDBR Letter. In the letter, a PDBR representative noted that, under 10 U.S.C. § 1554a, "covered individuals" eligible for PDBR review are "Service members who were discharged" as "unfit for continued military service by the Military Departments with a combined rating of 20 percent or less," among other requirements. Feb. 2015 PDBR Letter. The letter went on to explain that plaintiff was not a "covered individual" entitled to PDBR review because her "reason for separation" was "disability, EPTS" (a disability that existed prior to service) – meaning that plaintiff had not received a disability "rating" from the Army. *Id.* (capitalization altered). The letter noted, however, that plaintiff could seek review of the PEB's decision from the Board for Correction of Army Records. *Id.*

Plaintiff, through counsel, wrote the President of the PDBR to seek reconsideration. Compl. ¶ 14. Plaintiff's counsel insisted that the "only plausible interpretation" of 10

5

U.S.C. § 1554a is that it allows plaintiff to obtain PDBR review of the PEB's existed-prior-to-service determination, and therefore asked the President to confirm that plaintiff was a "covered individual that warrants review by the PDBR." Compl. Ex. B, at 1, 2 [Dkt. # 1-2]. The President of the PDBR responded by letter a few weeks later. *See* Apr. 2015 PDBR Letter. The PDBR President reiterated that, under 10 U.S.C. § 1554a, "[c]overed individuals" eligible for PDBR review are "former members of the armed forces who" were "separated from the armed forces due to unfitness for duty due to a medical condition, with a disability rating of 20 percent or less." *Id.* Plaintiff did not meet that statutory definition, according to the PDBR President, because plaintiff's "condition was determined to have existed prior to service and she was separated without entitlement to severance pay under" Army regulations. *Id.* As with the previous PDBR communication, the letter from the PDBR President explained that plaintiff had other avenues of appeal, including the Army Physical Disability Review Board. *Id.*

Plaintiff declined to seek review from the Army Physical Disability Review Board, opting instead to file her present complaint dated May 11, 2016. *See* Compl. In the complaint, plaintiff asserts that the PDBR's determination that plaintiff is not a "covered individual" entitled to PDBR review under 10 U.S.C. § 1554a was arbitrary, capricious, or otherwise contrary to law in violation of the APA. *See id.* ¶ 20. Currently before the Court are the Department's Motion to Dismiss [Dkt. # 16] and plaintiff's Cross-Motion for Judgment on the Pleadings [Dkt. # 20].

## STANDARD OF REVIEW

The Department has moved to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To withstand dismissal, the plaintiff's allegations, when read in a light most favorable to the plaintiff, must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must liberally construe the complaint in favor of the plaintiff and must grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 529 (D.C. Cir. 2015) (internal quotation marks omitted). But a court need not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 530 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff, for her part, has moved for a judgment on the pleadings. Under Rule 12(c), judgment on the pleadings is warranted where "the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992) (internal quotation marks omitted). The parties acknowledge that this case turns only on questions of law. In such a case, a court reviews a Rule 12(c) motion under a standard "functionally equivalent" to the standard governing Rule 12(b)(6) motions. *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012). That standard "authorizes a court to dismiss a claim on the basis of a dispositive issue of law," without "regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). In evaluating a Rule 12(b)(6) or Rule 12(c) motion, a court "may consider the facts alleged in the complaint, documents attached thereto or

7

incorporated therein, and matters of which it may take judicial notice." *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). A court may also consider documents "appended to" a motion to dismiss so long as they are undisputedly authentic and integral to plaintiff's complaint. *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004).[1]

## ANALYSIS

Chatman asks this Court to set aside the Department's decision denying her PDBR review as "not in accordance with" the statute governing such review. Compl. ¶¶ 20-21 (quoting 5 U.S.C. § 706). The parties agree that her APA action turns on one "purely legal question" of statutory interpretation. Pl.'s Reply Supp. Cross-Mot. 9 ("Pl.'s Reply") [Dkt. # 24].[2] Namely, under the PDBR statute, is plaintiff a "covered individual" eligible to receive PDBR review? Unfortunately for plaintiff, the answer is no.

The statute defines "covered individuals" as "members and former members of the armed forces who . . . (1) are separated from the armed forces due to unfitness for duty due to a medical condition *with a disability rating of 20 percent disabled or less*; and (2) are found to be not eligible for retirement." 10 U.S.C. § 1554a(b) (emphasis added). Only those individuals meeting that definition are entitled to receive PDBR review.

---

[1] The Department protests that plaintiff's 12(c) motion was filed prematurely and, as a result, should be denied as unripe if this Court rejects the motion to dismiss. Because I am granting the motion to dismiss, I need not address plaintiff's failure to file the 12(c) motion after the "pleadings [were] closed." Fed. R. Civ. P. 12(c). Nor do I need address the Department's argument that plaintiff has improperly provided materials outside the pleadings in her 12(c) motion; I did not consider the materials.

[2] In its motion to dismiss, the Department argues that plaintiff's complaint should be dismissed because it challenges non-final agency action. The "APA's final agency action requirement is not jurisdictional," and I do not examine it here. *Trudeau v. FTC*, 456 F.3d 178, 184 (D.C. Cir. 2006). That is because even "having assumed" that the PDBR's decision was final for purposes of the APA, I conclude that plaintiff's claim fails for the reasons explained below. *Id.* at 191.

The Department contends that plaintiff is not a covered individual. That is so, according to the Department, because the statutory requirement that an individual be separated "with a disability rating of 20 percent disabled or less" excludes those individuals, such as plaintiff, who never received a "disability rating" because their conditions were deemed not to be service related. The Department therefore claims that the PDBR properly denied plaintiff's request for review. Not surprisingly, plaintiff counters that the denial of review was contrary to law because other provisions of the statute, as well as legislative purpose, support reading the statute to provide review to those individuals who did not receive a "disability rating" because their disabilities were determined to have existed prior to service. For the following reasons, I conclude that the better reading of the statute is the one advanced by the Department.

To resolve this question of statutory interpretation, this Court must "look first to the text of the statute." *Life Techs. Corp. v. Promega Corp.*, 137 S. Ct. 734, 739 (2017). The text of the statute defines "covered individual[]" as an individual who, among other things, has "a disability rating of 20 percent disabled or less." 10 U.S.C. § 1554a(b)(1). That text encompasses service members who receive disability ratings ranging from a 20 percent rating through a zero rating. It plainly does not cover an individual, such as plaintiff, who has not received "a disability rating" at all. *Id.*

Plaintiff argues that the term "or less" should be read to refer not only to those "disability rating[s]" ranging from zero to 20 percent, but rather to "the entire possible scale of disability determinations," including, as relevant here, a determination that an individual's disability existed prior to service. Pl.'s Reply at 4. I disagree. While

9

plaintiff's argument, at first blush, may have some passing appeal, it overlooks the significant difference between the position of individuals who receive disability ratings of zero and those who are not eligible to receive disability ratings at all.

As the governing statutes and regulations make clear, a determination that an individual's disability existed prior to service renders the condition "not ratable" and, thus, non-compensable. Def.'s App. at A2, A147. "Zero ratings," the Army's regulations state, "do not apply" in that instance. *Id.* at A147. In contrast to an individual whose injury is non-ratable and non-compensable, an individual who receives a zero rating may be eligible for severance pay because a "zero percent rating is a compensable rating." *Id.* at A170; *see also id.* at A148. Army regulations therefore prohibit the use of a zero rating to refer to an existed-prior-to-service condition. *See id.* at A170-A171. In addition, the PDBR is required to evaluate the disability ratings assigned by the PEB using the Veterans Affairs Schedule for Rating Disabilities ("VASRD"). *See, e.g., id.* at A249 (PDBR will make recommendations based on the VASRD "in effect at the time the covered individual's disability rating was assigned"). But the VASRD is not applicable in those cases where a disability is deemed non-compensable and thus non-ratable. *Id.* at A109; Def.'s Reply Supp. Mot. Dismiss 3 [Dkt. # 22]. In short, in this field the distinction between receiving a "disability determination" of "existed prior to service" and receiving a "disability rating" (even a zero rating) is one with an important difference. That provides further indication that when Congress made the "drafting decision" to use the phrase "disability rating," it "did not in fact want" to adopt plaintiff's alternative. *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652, 1659 (2017).

Plaintiff counters with a few additional arguments in an attempt to expand the statutory definition of "covered individual." None of them, however, are persuasive, constituting instead a ragtag assortment of overly ambitious theories that simply torture the plain meaning of the legislation.[3] At bottom, plaintiff's argument boils down to the contention that her reading best comports with Congress's "legislative purpose" in passing the PDBR review statute. Pl.'s Mem. Supp. Cross-Mot. J. Pleadings 2 [Dkt. # 20]. That purpose, according to plaintiff, was to promote consistency and fairness within the military disability determination system. But "[e]ven if" this Court were "persuaded" by plaintiff's "policy arguments, those arguments could not overcome the statute's plain language, which is [the] primary guide to Congress' preferred policy." *Sandoz Inc. v. Amgen Inc.*, 137 S. Ct. 1664, 1678 (2017) (internal quotation marks omitted).

---

[3] Plaintiff's primary counterargument is that the Department's reading renders subsection (d)(4) of the statute superfluous. Not so. Subsection (d)(4), which authorizes the PDBR to recommend the "issuance of a new disability rating" for a covered individual, does independent work under the Department's reading. As the Department notes, when a covered individual properly brings a case before the PDBR, the PDBR may choose to review all of the disability determinations for that covered individual – even those that, standing alone, would not have conferred PDBR jurisdiction. *See* Def.'s Mem. Supp. Mot. Dismiss 41 [Dkt. # 16]; Def.'s App. at A248. Under the Department's reading, subsection (d)(4) clarifies that, assuming the jurisdictional prerequisites are met, the PDBR has authority to issue a covered individual a "new" disability rating for a previously unrated condition. *Cf.* Compl. Ex. D, at 4, 5 [Dkt. # 1-4] (PDBR Case No. PD1200633).

Plaintiff also cites a case in which the PDBR reviewed an existed-prior-to-service determination. *See id.* But in that case, a covered individual with a disability rating was already properly before the PDBR. Needless to say, the fact that the PDBR has exercised discretion to review certain disability determinations as a supplemental matter does not mean, as plaintiff contends, that the PDBR must review all disability determinations on a standalone basis. Indeed, plaintiff has not cited a case in which the PDBR has reviewed a standalone existed-prior-to-service determination. That is likely because, as the Department explains, the PDBR's current reading of the statute as precluding review of individuals without disability ratings has been consistent since the statute's passage. *See* Def.'s App. at A237, A239; *see also id.* at A223-24. To the extent that there is doubt about the statute's meaning, the Department's "longstanding" interpretation, rendered in the context of its duty to reconcile the roles of myriad review boards with overlapping jurisdiction, is entitled to "particular deference." *Barnhart v. Walton*, 535 U.S. 212, 220 (2002).

11

On a final note, it is not as if the Department's reading of the statute will leave plaintiff or others in her situation without the ability to challenge an allegedly improper existed-prior-to-service determination. As the PDBR representatives explained, plaintiff has alternative avenues of review. She may appeal to the Army Physical Disability Review Board, which has the power to overturn decisions of the PEB. *See* 10 U.S.C. § 1554; Apr. 2015 PDBR Letter (explaining availability of review by Army Physical Disability Review Board). She may also seek to have her determination and records corrected by applying to the Army Board for Correction of Military Records. *See* 10 U.S.C. § 1552; Feb. 2015 PDBR Letter (explaining availability of review by Army Board for Correction of Military Records). Plaintiff is not, however, entitled to relief from this Court based upon the Department's denial of PDBR review.[4]

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Department's Motion to Dismiss and DENIES plaintiff's Cross-Motion for Judgment on the Pleadings. An Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*

RICHARD J. LEON
United States District Judge

---

[4] Because the Department "has the better and more natural reading" of the statute, I need not address whether the Department's interpretation of the statute is entitled to *Chevron* deference. *Cf. Humane Soc'y of U.S. v. Zinke*, 865 F.3d 585, 600 n.1 (D.C. Cir. 2017). I also do not address whether the Department's reading is the *only* permissible reading such that the Department could not adopt a different interpretation in the future. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 983-85 (2005).